## HANGER AND AYLIFF VS. DODGE.

When the maker of a note affixes to it a seal after the statute bar has matured, no question as to validity of the act arises on the plea of the statute of limitations— a special plea of *non est factum* would have been the proper defence.

When one of several makers of a promissory note affixes a seal to it, with the assent of the payee, such instrument of writing will, on the plea of limitation, be held to be his deed, and will be governed by the statute applicable to sealed instruments; but if such sealing was done without any authority on the part of the other maker and he neither recognizes nor affirms such act, he will not be bound by it.

If a petition in debt sets forth two notes of the defendant, each note is, in effect, a separate count for a distinct and independent cause of action; and on issue to a plea answering both counts, the finding may be for the defendant on one count and for the plaintiff on the other, according to the proof.

*Appeal from Pulaski Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

CLARK, WILLIAMS & MARTIN, for appellants.

The uniting of two notes in one petition in debt is not authorized by the statute (*Digest*, 838,) and this proceeding being in derogation of the common law, the statute must be strictly construed.

If the two notes could be sued on in one petition, they must be considered as separate counts; and the court erred in instructing the jury that if Hanger applied his seal to either of the bonds they must find the issue for the plaintiff. The instruction should have been to find according to the proof as to each count. 16 *Ark.*, 303; 1 *Ch. Pl.*, 692; 1 *Saund.*, 312, *note 5*.

The proof shows, as to one of the notes, that Ayliff sealed it; and to make it the deed of Hanger, it devolved on the plaintiff to show in evidence the authority of the agent under seal to do so. 12 *Mass.*, 237.

The sealing of a note after it is barred does not revive it. Such act is not a part payment nor a promise in writing to pay the debt.

STILLWELL & WASSELL, for the appellee.

Mr. Chief Justice WALKER delivered the opinion of the court.

This is an action of debt, by petition, upon two writings purporting to be sealed. The first signed by Peter Hanger and Charles Ayliff: the second by Hanger & Ayliff. The petition is, in all respects, in conformity to our statute, and regular.

The defendants filed separate pleas; that of Ayliff was intended as a plea of limitation; the substance of which is, that the second writing set forth in the petition, signed Hanger & Ayliff, was, when executed, a promissory note, and remained such until more than five years from its date, and that, after that time, and after the statute bar had matured, he, defendant, affixed his seal to it.

If the act of Ayliff in affixing a scroll by way of seal to the note was a valid act, that is, one which he might lawfully do, with the assent of Dodge, then it is his deed, and carries with it the legal force of a sealed instrument, which would not be barred short of ten years. But if, on the other hand, the act of making the scroll was not a valid act, it was not his deed: and special *non est factum* would have been his proper defence; and until so avoided, the instrument sued upon must be considered and held as the deed of Ayliff, governed by the statute of limitations applicable to sealed instruments.

The defendant Hanger pleaded special *non est factum* to both instruments, in which he alleged that scrolls had been affixed to his signature to each of them, whereby they were changed from promissory notes to bonds. Upon this plea issue was taken, and tried by jury, who found for the plaintiff, and judgment was entered accordingly.

The defendants moved for a new trial, which motion was over-

ruled, and the evidence and instructions given and refused made part of the record.

After a careful examination of the evidence, we think that it is fully sufficient to fix the liability of Hanger upon the first writing set forth. The signature was proven to be his, and the scroll affixed to it appeared to have been made at the same time, with the same ink and hand. This proof was offered by the plaintiff, and stands uncontradicted by any evidence on the part of the defendant, upon whom, under the issue formed, the burden of proof rested.

The second writing, signed Hanger & Ayliff, was, from the evidence, executed by Ayliff, and for more than five years after its date, had no scroll affixed to the signature. After that time it seems that Ayliff affixed a scroll to it at the instance of Dodge. If Hanger & Ayliff were partners, or were doing business together, or otherwise connected in business, it is no where shown in evidence; nor does it appear that Hanger gave to Ayliff any authority, verbal or otherwise, to affix such seal, or that he recognized or affirmed such act after it was done. Under this state of the case there can be no doubt but that Hanger was not bound by the second writing.

The plea of Hanger was responsive to both notes, which the defendants were called upon to answer as two distinct causes of action, and for every practical purpose, in effect, separate counts, or distinct subject matters of complaint. Thus, in *Saunders on Pleading and Evidence, vol. 1, p. 922,* it is said that, "where several debts are alleged in indebitatus assumpsit to be due, in respect to several matters for wages, work and labor as a hired servant, work and labor generally, goods sold and delivered, money paid, money had and received, and the like, the statement of each debt is to be considered as amounting to a several count, though one promise is alleged in consideration of all the debts." The plea of defendant answered fully each count or cause of action, and if the issue was sustained by the proof on either, he was entitled to judgment upon it. And the court erred in refus-

ing to give this instruction to the jury, at the instance of the plaintiff: "That if the jury should find that Hanger signed either of the notes in evidence, they should find the issue for the plaintiff." This instruction should have been limited to the issue upon the note so found to be executed by him, not the whole issue in the case. There were in fact two distinct independent causes of action set forth in the petition, and the jury were sworn to try them. They could, and we think should, in view of the evidence before them, have found one of the issues for the plaintiff and the other for the defendant; that is: that the first note was the deed of Hanger, and the second was not his deed; and we must believe, but for the instructions of the court, such would have been their finding.  ·

Let the judgment be reversed and set aside, and a new trial had in accordance with law and the opinion herein given.